UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLYSON G. TRUMAN,
et al.,

    Plaintiff,

v.                                CASE NO.: 8:12-cv-2264-T-23EAJ

SCOTT LARKIN, DMD, et al.,

    Defendant.
_____/

**ORDER**

The plaintiffs sues (Doc. 2) the defendants for injuries resulting from an automobile accident. The plaintiffs seek damages "in excess" of $15,000.00. (Doc. 2). The defendants remove (Doc. 1) under 28 U.S.C. § 1332(a) based on diversity of citizenship.

The defendant removes under the second paragraph of 28 U.S.C. § 1446(b), which allows a defendant to remove after receipt from the plaintiff of a "paper" showing that federal jurisdiction exists. A defendant removing under the second paragraph of Section 1446(b) cannot establish federal jurisdiction without providing facts – not just legal conclusions – that establish federal jurisdiction. *Lowery v. Alabama Power*, 483 F.3d 1184, 1215 (11th Cir. 2007); *see also Williams v. Best Buy*, 269 F.3d at 1316, 1319-20 (11th Cir. 2001). The papers state mere conclusions that enjoy no factual support in the notice of removal or in the complaint. Therefore, the

requisite amount in controversy remains unestablished.  *See Parrish v. Sears, Roebuck and Co.*, 2010 WL 3042230 (M.D. Fla. 2010); *Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377, 1379 n.1 (M.D. Ala. 2009); *see also* 14AA Wright & Miller, *Federal Practice and Procedure* § 3702 (2011) ("the plaintiff and the defendant are not free simply to agree that the jurisdictional amount requirement has been satisfied").  The complaint categorizes the plaintiffs' purported damages, including pain and suffering, medical expenses, physical impairment, reduced ability to work, and permanent injury; but these categorical assertions of loss inhere in almost every tort complaint, convey no *fact*, and certainly establish no amount in controversy.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006).

This action is **REMANDED** under 28 U.S.C. § 1447(c) for failure to invoke federal subject matter jurisdiction.  The clerk is directed to (1) mail a certified copy of this order to the clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE